**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>VITAHEAT MEDICAL, LLC,<br><br>DEBTOR. | Chapter 7<br><br>Case No. 18-35295<br><br>Honorable A. Benjamin Goldgar |
| ILENE F. GOLDSTEIN, NOT INDIVIDUALLY BUT AS CHAPTER 7 TRUSTEE OF THE VITAHEAT MEDICAL LLC BANKRUPTCY ESTATE,<br><br>PLAINTIFF,<br><br>vs.<br><br>WILLIAM HAAS AND THINHEAT LLC,<br><br>DEFENDANTS | Adv. Pro. No. 20 – 00406 |

**FIRST AMENDED COMPLAINT**

Ilene F. Goldstein, not individually, but solely as the chapter 7 trustee for the bankruptcy estate of VitaHEAT Medical, LLC (the "Trustee") states as follows for her first amended complaint against Defendant, William Haas and Thinheat LLC.

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331, 1334 and 157. This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (C), and (O). To the extent this adversary proceeding is deemed a proceeding in which the Court may not constitutionally enter final orders absent the

{00183000}

consent of the litigants, the Trustee consents to the entry of final orders by the Court in this adversary proceeding.

2. This Court is the proper venue for this proceeding pursuant to 28 U.S.C. § 1409(a).

3. The matter is brought as an adversary proceeding in accordance with Federal Rule of Bankruptcy Procedure 7001.

## PARTIES

4. The Trustee is the duly appointed chapter 7 trustee for VitaHEAT Medical LLC (the "Debtor").

5. Defendant William Haas was, at all times relevant to the allegations set forth herein, a director of the Debtor and, as such, owed the Debtor fiduciary duties. Defendant also owed fiduciary duties to the creditors of the Debtor as a result of the Debtor's distressed financial condition.

## HISTORY

6. At all times relevant to the allegations contained herein, William Haas had an ownership interest in certain Patents.

7. On or about January 19, 2012, William Haas established Thinheat LLC (sometimes known as Thin Heat LLC) ("Thinheat"), by executing and filing a certificate of formation of the company with the Illinois Secretary of State.

8. After Haas formed Thinheat, Haas caused all of the rights in the Patents to be assigned to Thinheat.

9. On or about February 1, 2012, VitaHEAT Medical, LLC ("the Debtor"), a Delaware Limited Liability Corporation, was established.[1]

10. Thinheat was one of the initial members of the Debtor.

11. The purpose of the Debtor was to manufacture and sell medical products.

12. On or about March 26, 2012, Thinheat entered into a License Agreement (the "License") with the Debtor, and so provided the Debtor the right to manufacture, use, sell, and distribute its medical products, using the Patents assigned to Thinheat by Haas.

13. At all times relevant to the allegations contained herein Thinheat was a member of the Debtor.

14. Haas either is the sole member of Thinheat or has an interest in the financial well-being of Thinheat such that the success of Thinheat benefits Haas personally. There is an identity of interest between Thinheat and Haas such that the separateness between Haas and Thinheat should be ignored or disregarded.

15. As a member of the Debtor, Thinheat caused Haas to act as a director of the Debtor. Haas attended multiple board meetings of the Debtor and discussed and voted on matters as a director of the Debtor. Haas received and expected to receive director's fees from the Debtor.

---

[1] VitaHEAT Medical, LLC's original name was Thin Heat Medical, LLC. In the interest of clarity, this Complaint will refer to VitaHEAT Medical, LLC, throughout.

{00183000}    3

16. At all times relevant to the allegations contained herein, Haas was an insider of the Debtor as a result of his status and as a result of the control he exercised over the Debtor.

17. Haas filed a proof of claim in the above-captioned proceeding stating that he personally was owed $245,000 for "License Fee, Royalties, Director Fees."

18. Haas owed the same duties to the Debtor and its creditors as a director of a corporation: Haas owed the Debtor and its creditors a duty of loyalty and a duty of care.

19. Haas acted to benefit his own interests over the interests of the Debtor with respect to the License. Haas threatened to terminate the License at different times and made it difficult for the Debtor to realize the value of the License. The threats to terminate the License and the ultimate termination of the License impaired the value of the Debtor.

20. On or about October 3, 2018, Haas sent the Debtor a letter to terminate the License. Haas did this to protect his own interests and with knowledge that it would harm the interests of the Debtor and the Debtor's creditors. The termination letter was a continuation of Haas' prior threats to terminate the License and represented another effort by Haas to put his own interests above the interests of the Debtor.

21. Haas and Thinheat advised the Court in a June 2019 *Motion to Compel Trustee to Abandon Assets in Addition to Relief from Automatic Stay* (the "June 2019 Motion") that the Debtor "ceased having any legal interest to the Intellectual

Property Assets under the License on October 3, 2018" and thus the License and the rights it conveyed were not "part of the bankruptcy estate." Dkt No. 17 in Case No. 18-35295, p. 7.

22. The June 2019 Motion further stated that "at one point during VitaHeat's pre-petition attempts to sell assets, Thinheat withdrew its letter terminating the License for the express and limited purpose of effectuating a potential sale." The June 2019 Motion further alleged that "the withdrawal was limited in scope and reserved all rights for Thinheat" and that "the limited withdrawal ended … before VitaHeat's filing of the Petition." *Id.*

23. Haas knew, or should have known, that the termination of the License and the threats to terminate the License would harm the Debtor.

24. By causing the termination of the License and threatening to terminate the License, Haas favored his own interests above the interests of the Debtor and its creditors.

25. By causing the termination of the License and threatening to terminate the License and by making it difficult for the Debtor to enjoy the benefits of the License, Haas blocked and harmed the Debtor's continued business operations and left the Debtor with no viable options.

26. On information and belief, the actions of Haas were a primary cause of the Debtor's bankruptcy filing and the loss of substantial value.

27. On December 21, 2018, the Debtor filed its petition for relief under chapter 7 of the Bankruptcy Code.

28. Upon the filing of the Debtor's petition for relief, claims for injury to the Debtor, from actionable wrongs committed by the Debtor's officers and directors, became property of the bankruptcy estate.

29. Subsequent to filing for bankruptcy, the Trustee was negotiating a sale of the assets of the Debtor. Haas and Thinheat refused to cooperate in the sale of the Debtor's assets and preferred their own self-interests over those of the Debtor.

30. In a postpetition motion to compel abandonment of the licensing agreement, Haas and Thinheat estimated the value of the licensing agreement at $850,000.00.

## COUNT 1: Breach of Fiduciary Duty

31. The Trustee repeats and realleges all of the allegations set forth above, as if fully set forth below.

32. The fiduciary duty that Haas owed to the Debtor encompassed a duty of care and a duty of loyalty.

33. The duty of care requires that a director act in good faith, with the care that an ordinarily prudent person would exercise under similar circumstances.

34. The duty of loyalty requires that a director must act in a manner he or she reasonably believes to be in the best interests of the corporation.

35. By threatening to terminate the License and terminating the License and by making it difficult for the Debtor to realize the value of the License, Haas breached the duties owed to the Debtor, and favored his own interests to the detriment of the Debtor and its creditors.

36. Haas breached the duties he owed to the Debtor and its creditors and favored his own interests to the detriment of the Debtor and its creditors when he refused to cooperate in the sale of the Debtor's assets.

37. As a result of Defendant's breaches of his fiduciary duty to the Debtor, the Debtor suffered damages. Such damages consist of the loss of all value of the Debtor's assets.

WHEREFORE, on Count I of this Complaint, Ilene F. Goldstein, not individually, but solely as the chapter 7 trustee for the bankruptcy estate of VitaHEAT Medical, LLC respectfully requests that this court enter judgment in her favor and against William Haas and Thinheat, in an amount to be determined at trial.

## COUNT 2: Fraudulent Conveyance

38. The Trustee repeats and realleges all of the allegations set forth above, as if fully set forth below.

39. This Count is plead in the alternative to any other counts that are inconsistent with the allegations herein.

40. Under 11 U.S.C. § 548, the Trustee may avoid any transfer of an interest of the Debtor in property that was made or incurred on or within two years before the date of the filing of the petition if the Debtor received less than a reasonably equivalent value in exchange for such transfer or obligation and was insolvent on the date that such transfer was made.

41. The Debtor received no value for the termination of the License. The termination of the License constitutes a transfer within the meaning of Section 548 of the Bankruptcy Code.

42. The Debtor was insolvent at the time of the termination of the License or became insolvent as a result of the termination of the Licensing.

43. Pursuant to Section 550 of the Bankruptcy Code, the Trustee may recover the value of the License from Haas and Thinheat either as the initial transferee or the entity for whose benefit the transfer was made.

WHEREFORE, on Count II of this Complaint, Ilene F. Goldstein, not individually, but solely as the chapter 7 trustee for the bankruptcy estate of VitaHEAT Medical, LLC respectfully requests that this court enter judgment in her favor and against William Haas and Thinheat, in an amount to be determined at trial.

**Ilene F. Goldstein, not individually, but solely as the chapter 7 trustee for the bankruptcy estate of VitaHEAT Medical, LLC**

By: /s/ William J. Factor
     One of her Attorneys

William J. Factor (6205675)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Firm ID: 45665
Tel:   (312) 878-6976
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com

{00183000}                                            8